**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HECTOR ROGELIO CASAS MONTEJANO, | No. 10-72254 |
| Petitioner, | Agency No. A036-896-686 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 27, 2011[**]

Before: SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Hector Rogelio Casas Montejano, a native and citizen of Mexico, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for

abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

889, 894 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Casas's April 29, 2010, motion to reopen as untimely because it was filed more than eleven years after the final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within 90 days of final order of removal), and Casas did not show he was entitled to equitable tolling, *see Iturribarria*, 321 F.3d at 897 (deadline for filing motion to reopen can be equitably tolled "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence").

The BIA did not abuse its discretion by denying Casas's motion to reopen to apply for relief under the Convention Against Torture ("CAT"), because the BIA considered the evidence he submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law").

We lack jurisdiction to review the remaining contentions raised in the opening brief because Casas failed to raise them before the BIA and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678

(9th Cir. 2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency).

We deny Casa's request for a remand to supplement his application for relief under the CAT, *see Khosurassany v. INS*, 208 F.3d 1096, 1099 (9th Cir. 2000) (requesting remand is "not an appropriate method of seeking this relief"), and we do not otherwise consider the new evidence submitted with Casas's brief, *see Chavez-Perez v. Ashcroft*, 386 F.3d 1284, 1290 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**